UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

POR M.,

             Petitioner,

v.

SECRETARY of Homeland Security; TODD
M. LYONS, Acting Director of Immigration
and Customs Enforcement; and DAVID
EASTERWOOD, Acting Director, St. Paul
Field Office, Immigration and Customs
Enforcement,

             Respondents.

Case No. 26-CV-1546 (PJS/DJF)

ORDER

Daniel P. Suitor, DANIEL P. SUITOR, PLLC, for petitioner.

David W. Fuller and Matthew Isihara, UNITED STATES ATTORNEY'S OFFICE, for respondents.

This matter is before the Court on respondents' objection to the March 9, 2026, Report and Recommendation ("R&R") of Magistrate Judge Dulce J. Foster recommending that petitioner Por M.'s petition for a writ of habeas corpus be granted.[1] The Court has conducted a de novo review.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Based on that review, the Court overrules the objection and adopts the R&R.

---

[1]Pursuant to this District's policy in immigration cases, the Court identifies petitioner only by first name and last initial.

The Court agrees with Judge Foster that United States Immigration and Customs Enforcement ("ICE") violated its own regulations—specifically, 8 C.F.R. § 241.13(i)(3)—when it revoked Por's release because ICE failed to provide Por notice of the reasons for the revocation.[2]  It is disputed whether Por received a notice of revocation of release at all.  R&R at 3.  Even if ICE did issue such a notice, however, that notice was dated four days after Por's re-detention.  *Id.*; *contra* 8 C.F.R. § 241.13(i)(3) (requiring notice "[u]pon revocation").  Moreover, there is no evidence whatsoever that Por received the required interview giving him "an opportunity to respond to the reasons for revocation stated in the notification."  R&R at 3; 8 C.F.R. § 241.13(i)(3).  Thus, the Court agrees with the R&R that ICE violated 8 C.F.R. § 241.13(i)(3) when it re-detained Por.[3]

Respondents object that "remediation of process," not release, is the proper form of relief.  ECF No. 7 at 1.  But respondents offer no authority—in either their objection or their response—to support the proposition that ICE is entitled to a "do-over" of its

---

[2]There is no dispute that Por was released on an order of supervision in 2000.  *See* V. Pet. ¶ 2; R&R at 2 n. 3.

[3]Respondents inform the Court that ICE received a travel document for Por from Laos on January 30, 2026.  ECF No. 7; R&R at 3.  The Court does not doubt that issuance of a travel document is a "changed circumstance" that can justify revocation of release under 8 C.F.R. § 241.13(i)(2).  But in revoking release, ICE must still follow the procedures mandated by 8 C.F.R. § 241.13(i)(3), which ICE failed to do in Por's case.

Because the Court finds that ICE violated 8 C.F.R. § 241.13(i)(3) in re-detaining Por, the Court does not reach the question of whether ICE also violated 8 C.F.R. § 241.13(i)(2), the Constitution, or a federal statute (as alleged in Por's petition).

procedural obligations while Por remains detained.  R&R at 11 (collecting cases

ordering relief following similar violations).  Release is therefore warranted.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT:

1.      Respondents' objection [ECF No. 7] is OVERRULED.

2.      The Report and Recommendation [ECF No. 6] is ADOPTED insofar as it

recommends granting the petition for a writ of habeas corpus based on

respondents' violation of 8 C.F.R. § 241.13(i)(3).

3.      Petitioner's petition for habeas corpus [ECF No. 1] is GRANTED IN PART

and DENIED IN PART.  Specifically, the Court:

a.      ORDERS respondents to release petitioner from custody in

accordance with the conditions previously imposed by 3:00 pm on

March 21, 2026.  If petitioner is not in Minnesota, respondents must

first return petitioner to Minnesota.

4.      The remainder of petitioner's petition is DENIED WITHOUT PREJUDICE.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: March 19, 2026                    /s/ Patrick J. Schiltz
                                         Patrick J. Schiltz, Chief Judge
                                         United States District Court