UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

POR M.,

Petitioner,

v.

MARKWAYNE MULLIN, Secretary, Department of Homeland Security; DAVID VENTURELLA, Acting Director, Immigration and Customs Enforcement; and DAVID EASTERWOOD, Acting Director, St. Paul Field Office, Immigration and Customs Enforcement,[1]

Respondents.

Case No. 26-CV-1546 (PJS/DJF)

ORDER

---

Daniel P. Suitor, DANIEL P. SUITOR, PLLC, for petitioner.

David W. Fuller and David R. Hackworthy, UNITED STATES ATTORNEY'S OFFICE, for respondents.

This matter is before the Court on petitioner's motion for an award of attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. The EAJA provides that a party who prevails in "any civil action" against the United States must be awarded fees and other expenses "unless the court finds that the position of the United States was substantially justified . . . ." 28 U.S.C. § 2412(d)(1)(A). The United States Supreme Court recently agreed to resolve a circuit split over whether a petition

[1]Markwayne Mullin and David Venturella are automatically substituted as respondents in place of Kristi Noem and Todd Lyons. Fed. R. Civ. P. 25(d).

for a writ of habeas corpus challenging civil-immigration detention qualifies as "any civil action" for purposes of the EAJA. *See Montoya Palacios v. Liggins*, No. 25-1223, 2026 WL 1855057 (cert. granted June 29, 2026) (Mem.).

Here, although respondents did not argue that sovereign immunity forecloses petitioner's motion, "sovereign immunity cannot be waived by federal officials," and thus whether petitioner can recover her fees and costs under the EAJA depends on whether the Supreme Court rules in *Montoya Palacios* that the EAJA waived the sovereign immunity of the United States. *Johnson v. United States Cong.*, 151 F.4th 1287, 1292 (11th Cir. 2025) ("[A]s a jurisdictional limitation, sovereign immunity cannot be waived by federal officials." (citing *United States v. U.S. Fid. & Guar. Co.*, 309 U.S. 506, 513 (1940)); *see also Shields of Strength v. U.S. Dep't of Def.*, 742 F. Supp. 3d 721, 724 (E.D. Tex. 2024) (rejecting the plaintiff's argument that the government "waived its sovereign immunity by conduct" because "the sovereign immunity of the United States cannot be waived by the conduct of its officials" (citing *U.S. Fid. & Guar. Co.*, 309 U.S. at 513)); *cf. Harmon Indus., Inc. v. Browner*, 191 F.3d 894, 903 (8th Cir. 1999) (concluding that a failure to raise a sovereign-immunity defense at the district-court level did not preclude the argument on appeal because sovereign immunity "is a jurisdictional threshold matter").

The Eighth Circuit has not decided whether the EAJA waives sovereign immunity in immigration habeas actions. Some judges in the Eighth Circuit have

pointed to *Bah v. Cangemi*, 548 F.3d 680 (8th Cir. 2008), as instructive authority. *E.g.*, *Sao V. v. Mullin*, No. 26-CV-2520 (ECT/JFD), ECF No. 30 at 3–4 (D. Minn. Aug. 10, 2026) ("Though the Eighth Circuit hasn't expressly held one way or the other, its case law strongly suggests that habeas petitions challenging immigration detentions are civil actions under § 2412(d)(1)(A)." (citing *Bah*, 548 F.3d at 684–85)). But in *Bah*, the issue of the government's immunity was not raised before either the trial court or the appellate court. The issue was simply not on the radar of any of the judges. The Court therefore views *Bah* as weak authority regarding whether the EAJA waives the sovereign immunity of the United States—a waiver that must be "unmistakably clear in the language of the statute." *Dep't of. Agric. Rural Dev. Hous. Serv. v. Kirtz*, 601 U.S. 42, 49 (2024) (quotation omitted).

Given that the Eighth Circuit has not addressed this issue—and given that the Supreme Court soon will—this Court will deny petitioner's motion for fees and costs without prejudice. Should the Supreme Court hold in *Montoya Palacios* that the EAJA waives sovereign immunity in civil habeas actions, petitioner may renew his motion.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Petitioner's motion for attorney's fees [ECF No. 11] is DENIED WITHOUT PREJUDICE.

2. All proceedings in this matter are STAYED until the issuance of a decision by the Supreme Court in *Montoya Palacios v. Liggins*, No. 25-1223 (cert. granted June 29, 2026). If petitioner intends to file a renewed motion seeking attorney's fees pursuant to the EAJA at that time, the motion must be filed within 14 days of the Supreme Court's decision.

Dated: August 25, 2026

/s/ Patrick J. Schiltz
Patrick J. Schiltz
United States District Judge